**DAY PITNEY LLP**

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

STEVEN A. CASH
Attorney at Law

1100 New York Ave., NW, Suite 300
Washington, DC 20005
T: (202) 218-3912 F: (202) 354-4911
scash@daypitney.com

December 7, 2015

**VIA ECF AND EMAIL**

David R. Kittay
United States Trustee
Kittay & Gershfeld, P.C.
100 White Plains Road
2nd Floor
Tarrytown, NY 10591

Re: In Re Bryan Caisse, 15-12777-smb

Dear Mr. Kittay:

We represent Chuck Mills and Salera Capital Management, LLC ("Salera"), creditors in the above-noted matter.

Mr. Mills and Salera were victims of a fraud perpetrated by debtor Caisse. The fraud was the basis of a civil suit filed by Salera in Fairfax County Virginia, which resulted in a judgment, in favor of Salera and against Caisse, see *Salera Capital Management, LLC v. Bryan P. Caisse*, No. CL 2012-1882. That judgment was entered as a Foreign (Sister State) Judgment pursuant to NY CPLR § 5402, see *Salera Capital Management, LLC v. Bryan P. Caisse*, 100800-2013 (Sup. Ct. N.Y. County).

That fraudulent conduct was the subject of an investigation and prosecution by the New York County District Attorney's Office. On January 21, 2014 Caisse was indicted, charged with four counts of Grand Larceny in the Second Degree, six counts of Grand Larceny in the Third Degree and one count of Scheme to Defraud in the First Degree. On August 11, 2014, Caisse pled guilty to one count each of Grand Larceny in the Third Degree and Scheme to Defraud in the First Degree. On October 8, 2014, Caisse was sentenced to 1 1/2 to 4 1/2 years in state prison. One element of Caisse's sentence was encompassed in an Order of Restitution issued by Judge Ronald A. Zweibel, who presided over the criminal case. That order directed the payment, to Mr. Mills, of $119,000.00, which represented the fraudulently obtained funds charged in the indictment. He was released to parole supervision on May 19, 2015.

**DAY PITNEY LLP**

December 7, 2015
Page 2

    I am concerned that Mr. Caisse, convicted of fraud, and who failed to comply with post-judgment discovery served upon him in 2013 and continued to fail to comply after his release from prison, may not fully comply with the requirements of the bankruptcy process. I trust you will take appropriate steps to ensure that Mr. Caisse fully discloses whatever assets he may have to you and that those debts not dischargeable, as fraudulently obtained pursuant 11 U.S.C. § 523, are not discharged. Please let me know how I can be of assistance to you as your undertake your duties as Trustee.[1]

    I have enclosed copies of the Order of Restitution as well as an Affirmation prepared for filing in *Salera Capital Management, LLC v. Bryan P. Caisse*, 100800-2013 (Sup. Ct. N.Y. County) for your background.[2]

Best regards,

Steven A. Cash

---

[1] The carbon copy addressees include the Assistant District Attorney who handled the prosecution of Caisse, Caisse's Parole Officer and Safe Horizon, the non-profit agency charged with managing Caisse's restitution.

[2] The Affirmation was intended to support a motion to compel compliance with process under NY CPLR Art. 52; Mr. Caisse filed the instant bankruptcy proceeding before the motion was fully filed, and I did not proceed with the motion in light of the automatic stay.

# DAY PITNEY LLP

December 7, 2015
Page 3

cc:      Hon. Stuart M. Bernstein
U.S. Bankruptcy Judge
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
*VIA ECF*

Sean Pippen
Assistant District Attorney
New York County District Attorney's Office
One Hogan Place
New York, NY 10013
*VIA EMAIL*

Mr. James Harford
Parole Office
New York State Department of Corrections & Community Supervision
Manhattan IV Area Office
314 West 40th Street
New York, NY 10018
*VIA REGULAR MAIL*

Safe Horizon
2 Lafayette Street, 3rd Floor
New York, NY 10007
*VIA REGULAR MAIL*

Michael J. Kasen, Esq.
Kasen & Kasen
151 West 46th Street
4th Floor
New York, NY 10036
*VIA ECF*