SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 41

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

BRYAN CAISSE,

                      Defendant.

ORDER

Indictment No. 4921/2013

---

1. As part of his plea and sentence agreement under the above-captioned indictment, BRYAN CAISSE shall pay restitution to each of the individuals listed on Exhibit A in the amounts specified and as described below.

2. Safe Horizon is hereby designated, pursuant to C.P.L. § 420.10(1), as the restitution agency which shall establish a restitution fund for the payment of restitution to each of the individuals listed on Exhibit A, and to which BRYAN CAISSE shall make all payments required under this sentence.

3. Beginning on the first day of the third month after BRYAN CAISSE'S release date, and on the first of each subsequent month until all individuals listed on Exhibit A are paid the full amounts specified, BRYAN CAISSE shall pay ten percent (10%) gross of all income he receives into the restitution fund administered by Safe Horizon. In no event shall restitution payments be deducted from BRYAN CAISSE'S commissary account while he remains in custody.

4. In the calendar year after BRYAN CAISSE'S release date, BRYAN CAISSE shall file with Safe Horizon a copy of his United States Tax Return and his New York State return for the previous calendar year, disclosing all income he has received. BRYAN CAISSE shall file his United States Tax Return and his New York State Tax return with Safe Horizon not later than April 15 of the year following his release date. Before April 15 of each subsequent year, continuing until all individuals listed on Exhibit A are paid the full amounts specified, BRYAN CAISSE shall file his United States Tax Return and his New York State Tax return, disclosing all income he has received in the previous year, with Safe Horizon.

5. Safe Horizon, as the designated restitution agency, shall keep five percent (5%) of each payment made by BRYAN CAISSE as an administrative fee. Safe Horizon shall disburse the remaining ninety percent (95%) of each payment as specified in paragraph 6, below. The administrative fee is an additional fee which BRYAN CAISSE shall pay, and shall in no way reduce the amounts to be paid out to the individuals listed on Exhibit A, who are to be paid the

full amounts specified. The effect of the five percent (5%) administrative fee shall be to increase the total amount that BRYAN CAISSE shall pay under this order to one hundred and five percent (105%) of the total on Exhibit A, but shall not increase the amount of any individual payment BRYAN CAISSE must make specified in paragraph 3, above. The total amount on Exhibit A is $705,721.46. Thus, each of BRYAN CAISSE'S payments shall equal ten percent (10%) of his gross income each month, and he shall continue to make payments until he has paid a total of $741,007.53 (105% of $705,721.46).

6. Safe Horizon shall maintain the amounts paid by BRYAN CAISSE, and shall pay each of the individuals listed on Exhibit A a pro rata share of the funds collected. Safe Horizon shall remit the first payment to each of the individuals listed on Exhibit A not later than October 1, of the year of BRYAN CAISSE'S release, and shall remit the second payment to each of them on April 1 of the subsequent year and shall remit the third payment to each of them on October 1 of that year. Safe Horizon shall remit to each of them subsequent payments on April 1 and October 1 of each subsequent year until each of them is paid the full amount specified on Exhibit A.

7. In the event that BRYAN CAISSE fails to make any required payment, Safe Horizon shall promptly notify the Court, pursuant to C.P.L. § 420.10(1)(d). Safe Horizon shall also promptly notify the Bureau Chief of the Major Economic Crimes Bureau of the New York County District Attorney's Office of any such failure. Failure to make any required payment shall subject BRYAN CAISSE to prosecution for Criminal Contempt and other crimes.

DATED: New York, New York
October 8, 2014

_____
Honorable Justice Zweibel
Supreme Court, Part 41

CONSENTED TO:

**HON. RONALD A. ZWEIBEL**

_____
BRYAN CAISSE

**PART 41 OCT 0 8 2014**

_____
Edward Kratt, Esq.
Attorney for BRYAN CAISSE

_____
Sean Pippen
Assistant District Attorney
(212) 335-9943

Exhibit A

| PERSON/ENTITY DUE RESTITUTION PAYMENT | AMOUNT DUE | % OF TOTAL |
|---|---|---|
| Charles Mills | $119,000.00 | 16.9% |
| ███ | $117,500.00 | 16.7% |
| ███ | $66,666.00 | 9.5% |
| ███ | $41,779.78 | 5.9% |
| ███ | $33,423.00 | 4.7% |
| ███ | $24,025.00 | 3.4% |
| ███ | $50,000.00 | 7.1% |
| ███ | $47,050.00 | 6.7% |
| ███ | $46,970.00 | 6.6% |
| ███ | $25,700.00 | 3.6% |
| ███ | $20,000.00 | 2.8% |
| ███ | $9,100.00 | 1.3% |
| ███ | $12,500.00 | 1.8% |
| ███ | $24,599.00 | 3.5% |
| ███ | $11,338.68 | 1.6% |
| ███ | $25,000.00 | 3.5% |
| ███ | $31,070.00 | 4.4% |
| **TOTAL** | **$705,721.46** | **100%** |