Steven A. Cash, Esq.
Day Pitney, LLP
1100 New York Avenue, N.W.
Washington, D.C. 20005

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK:**
-------------------------------------------------------------X

Salera Capital Management, LLC

     Plaintiff,

    vs.

Bryan P. Caisse,

     Defendant

-------------------------------------------------------------X

Index No. 100800/2013

AFFIRMATION OF
STEVEN A. CASH, ESQ.
IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH A SUBPOENA
PURSUANT TO NY CPLR § 2308

     Steven A. Cash, Esq., an attorney-at-law admitted to practice in the courts of the State of

New York and Washington, D.C., affirms under penalty of perjury that the following statements

are true:

1. On March 12, 2013 the Clerk of the Circuit Court of the County of Fairfax in the

   Commonwealth of Virginia entered final judgment, after trial, in favor of Salera Capital

   Management, LLC ("Salera") and against Bryan Caisse ("Caisse") in the total amount of

   $694,910, plus judgment interest at the judgment rate from the date of March 12, 2013 a

   matter styled *Salera Capital Management, LLC v. Bryan P. Caisse*, No. CL 2012-1882

2. On May 31, 2013 a judgment in the above-captioned matter was entered in the office of the

   Clerk of the Supreme Court, New York County  as a Foreign (Sister State) Judgment

   pursuant to NY CLS CPLR § 5402.  A copy of that order is attached as Exhibit A.

3. On August 8, 2013 an *Information Subpoena and Subpoena Duces Tecum with Restraining*

   *Notice* was served upon Caisse, requiring a response within seven (7) days of receipt.

4. Also on August 8, 2013 a copy of the *Information Subpoena and Subpoena Duces Tecum*

   *with Restraining Notice* was sent, under cover of a letter of that date, to Caisse's Virginia

92125382.1

attorneys,  Thomas K. Plofchan, Esq. and Lavanya K. Carrithers, Esq.  A copy of the

Information Subpoena and Subpoena Duces Tecum with Restraining Notice is attached as

Exhibit B.

5.  No response was provided by Mr. Caisse within seven (7) days of receipt, and no

communication was received from his attorneys.

6.  On or about May 7, 2013, the undersigned learned that Caisse had become the subject of a

criminal investigation conducted by the New York County District Attorney's Office – that

investigation focused on conduct including events which were at issue in the Fairfax County,

Virginia matter.

7.  On October 8, 2013 a search warrant was executed at Caisse's Manhattan apartment; soon

thereafter, Caisse fled the United States.

8.  On January 18, 2014 Caisse was arrested at an airport in Bogota, Columbia, and returned, in

custody, to the United States.

9.  On January 21, 2014 Caisse was indicted in New York County, charged with four counts of

Grand Larceny in the Second Degree, six counts of Grand Larceny in the Third Degree, and

one count of Scheme to Defraud in the First Degree.

10. The crimes charged in the indictment  included the conduct which was pled in the Fairfax

County matter.

11. On or about August 11, 2014, Caisse pled guilty to one count each of Grand Larceny in the

Third Degree, NY CLS Penal § 155.40,  and Scheme to Defraud in the First Degree NY CLS

Penal § 190.65.

12. According to his guilty plea, from April 2008 through October 2013, Caisse induced victims,

including Salera, to lend him more than $1 million under the guise that the money would be

92125182.1

used for his new hedge fund, Huxley Capital Management. Rather than investing the money in his company, Caisse spent the money on personal expenses, including rental payments, car services, personal debts, credit cards, cash withdrawals, and restaurants. As his victims began seeking repayment, Caisse became evasive and difficult to reach. He set up email accounts in the names of fictitious assistants, and sent emails claiming that he had been seriously injured in a car accident, and that they would be repaid. Despite what Caisse told his victims, he continued his active lifestyle, running up credit card debt for travel, car services, meals at high-end restaurants, and other personal expenses. While Caisse did repay some of this victims – though usually a mere fraction of what they were owed – he did so with his other victims' money.

13. On October 8, 2014, Caisse was sentenced to 1 ½-to-4 ½ years in state prison.

14. On May 19, 2015, Caisse was released to parole supervision, and is currently on parole.

15. At no time between service on August 8, 2013 and his release from incarceration, did Mr. Caisse in any way respond to the Information Subpoena and Subpoena Duces Tecum with Restraining Notice.

16. By letter dated June 10, 2015 to Mr. Caisse (at his last known address), the undersigned wrote "I am writing to ensure that all involved counsel, as well as Mr. Caisse, are aware of the pending New York judgment, and that I am undertaking efforts to recover, pursuant to NY CLS CPLR, Art. 52, monies due under that judgment. Specifically, Mr. Caisse was served with an Information Subpoena, Subpoena Duces Tecum and Restraining Notice dated August 8, 2013. He has not responded to that process."[1]

---

[1] The letter was sent, via U.S. Mail, to Mr. Caisse at 101 West 79th Street Apartment 29A New York, New York 10024.

92125382.1

17. On June 25, 2015, undersigned learned of Caisse's current address, and by letter dated July 1,
2015, wrote to Mr. Caisse: "On August 8, 2013 you were served with an Information
Subpoena, Subpoena Duces Tecum and Restraining Notice, which provided included notice
that 'false swearing, or failure to comply with this subpoena is punishable as contempt of
court.' You have failed to comply with the subpoenae. In an effort to avoid the necessity of
seeking to compel your compliance or seek a finding of contempt, I am contacting you to
provide you the opportunity of responding on or before July 17, 2015. In addition, please
ensure that youfully comply with the restraining notice." A copy of the June 10, 2015 letter
was enclosed, which in turn included a copy of the Information Subpoena, Subpoena Duces
Tecum and Restraining Notice.

18. By letter dated July 8, 2015, Caisse responded, acknowledging receipt of the July 1, 2015
letter, and his "understanding that you are requesting information from me." He further
advised that Any records that I have with my belongings are not in the State of New York. As a
condition of my Parole, I am not allowed to leave the State. When I am able to do that, I will start
putting together the information for you."

19. By letter dated July 16, 2015 undersigned wrote again to Caisse: "I write in response your letter
dated July 6, 2015, in which you acknowledge receipt of my letter of July 1, 2015. The July
1, 2015 letter included a copy of an Information Subpoena & Subpoena Duces Tecum with
Restraining Notice. As noted, you have failed to comply with, or even respond to, the
subpoena."

20. By letter dated July 24, 2015, Caisse responded:

> I am in receipt of you most recent letter. After the subpoena was issued, a search
> warrant was conducted of my house and an enormous amount of documentation,
> much of it pertinent to your request, was taken. All my other records, as I
> previously stated, were moved out of State. As I have informed you, the current
> terms of my parole do not allow me to leave the State of New York. Attached is

4

92125382.1

an email request from my lawyer to the District Attorneys [sic] office for some of
my records. It isn't the first request. I was told, verbally, by my lawyer yesterday,
that the response was that the documents are not available for release until one
year after sentencing, which will bring me to mid-October. There have clearly
been a lot of circumstances standing in way to get you information. This letter,
and the rest of our correspondence, will be sent to the Judge handling this case.

21. As of the date of this motion, Caisse has not complied with the Information Subpoena and

Subpoena Duces Tecum with Restraining Notice, and by the accompanying motion,

supported by this affirmation, Plaintiff seeks an order from this Court compelling and

directing Mr. Caisse to comply.


                                        Dated this 21st day of September, 2015


                                        *Steven A. Cash*
                                        Steven A. Cash, Esq.
                                        Day Pitney, LLP
                                        1100 New York Avenue, N.W.
                                        Washington, D.C. 20005

                                        212-685-9660

                                        scash@daypitney.com

                                        Attorney for Plaintiff/
                                        Judgment-Creditor

92125382.1

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| SALERA CAPITAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN P. CAISSE, <br><br> Defendant. | **Index No. 100800/13** <br><br> **INFORMATION SUBPOENA** <br> **&** <br> **SUBPOENA DUCES TECUM** <br> **- with -** <br> **RESTRAINING NOTICE** |

## The People of the State of New York

**To Bryan P. Caisse, Defendant and Judgment Debtor:** *GREETING:*

WHEREAS, in an action in the Supreme Court of the State of New York, County of New York, between Salera Capital Management, LLC as plaintiff and Bryan P. Caisse as defendant, a judgment was file and docketed on May 31, 2013, and Notice of Entry of said Judgment being filed on August 8, 2013, in the amount of $694,910 plus post-judgment interest at the judgment rate from the date of March 12, 2013, of which the entire amount, $694,910 plus post-judgment interest, remains due and unpaid; and

WHEREAS, Judgment Debtor resides in and has an office for the regular transaction of business in person in the County of New York,

WE COMMAND YOU to answer, in writing and under oath, each of the questions set forth in Annex A to this subpoena. Each question shall be answered separately and fully; and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within seven (7)

days after receipt to Steven A. Cash, 1825 Eye Street, N.W., Suite 400, Washington, D.C. 20006; and

WE FURTHER COMMAND YOU to produce for examination the following books, documents, papers and records, including all electronic files, databases and emails, as are listed in Annex B to this subpoena, and all other books, documents, papers and records in your possession or control which have, or may contain, information concerning the property, income or other means of the Judgment Debtors relevant to the satisfaction of the judgments.

TAKE NOTICE that false swearing, or failure to comply with this subpoena is punishable as contempt of court.

TAKE FURTHER NOTICE that a Restraining Notice is served upon you and that pursuant to CPLR §5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which you have an interest, except as therein provided.

## CIVIL PRACTICE LAW AND RULES

**Section 5222(b)** A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the

2

notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is

punishable as contempt of court.

TAKE FURTHER NOTICE that I, Steven A. Cash, do hereby certify that this

information subpoena complies with Rule 5224 of the Civil Practice Law and Rules, and

that I have a reasonable belief that the party receiving this subpoena has in its possession

information about the debtors that will assist the creditor in collecting the Judgment.

DATED:      August 8, 2013
            Washington, D.C.

Respectfully submitted:

Steven A. Cash, Esq.
Law Offices of Steven A. Cash, LLP
1825 Eye Street, Suite 400
Washington, D.C. 20006
*Attorney for Plaintiff/Judgment Creditor*

*Of Counsel*
Thaler Liebeler LLP
Lars H. Liebeler
Jackson S. Nichols
1825 Eye Street, Suite 400
Washington, D.C. 20006

## ANNEX A

### JUDGMENT CREDITOR'S REQUEST AND DEMAND
### FOR INFORMATION

Pursuant to New York State CPLR § 5224(a)(3), Plaintiff-Judgment Creditor SALERA CAPITAL MANAGEMENT, LLC requests and demands that you answer the following question to the best of your knowledge in writing and under oath within seven (7) days from the date of service.  If you assert that a response to a question below is barred by attorney-client privilege, please make that assertion in writing, and identify, for each demand, the specific nature of the privilege.

### DEFINITIONS AND INSTRUCTIONS

1.  "You", "Your", or "Defendant" refers to Defendant in this action Bryan P. Caisse, his
    agents, agencies, employees, servants and representatives.

2.  The term "Plaintiff" or "Salera" refers to the Plaintiff in this action, Salera Capital
    Management, LLC and any and all predecessors, successors, affiliates, subsidiaries,
    and/or related entities.

3.  The term "foreign" shall mean pertaining, dealing with or relating to other countries
    outside of the United States.

4.  The term "domestic" shall mean pertaining to dealing with or relating to the United States
    of America and its territories.

5.  Unless otherwise specifically described in any separately numbered paragraph, the time
    period covered by these discovery requests shall commence on January 1, 2009 and shall
    extend continuously through the date of Defendant's answers to these discovery requests
    and supplementation of Defendant's responses.  This time period may be referred to
    herein as the "relevant time period."

6.  Where knowledge or information in the possession of a party is requested, such request

includes the knowledge of the party's agents, agencies, representatives, employees, partners and, unless privileged, its attorneys.

7.  The term "person" includes a corporation, partnership, or other business association or entity, natural person and any government or government body, commission, board or agency.

8.  The term "documents" shall mean, unless otherwise indicated, the original and all non-identical copies of any written, typed, printed, photocopied, photographic or recorded matter of any kind in your possession or known by you to exist, no matter how produced, recorded (including but not limited to magnetic, mechanical, or electronic recordings), stored in computers or otherwise, or reproduced including, but not limited to, all letters, electronic mails, correspondence, telephone logs, telephone message slips, books, periodicals, contracts, telegrams, paper communications, tabulations, charts, memoranda, handwritten notes, drafts, records, memoranda or transcriptions by mechanical device, by longhand or shorthand by tape recorder or by other means, interoffice communications, microfilm, lists, bulletins, calendars, circular, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, income statements, pamphlets, studies, notices, summaries, reports, analyses, teletype messages, faxes, work sheets, and all other graphic materials, writings and instruments however produced or reproduced.  Data compilations from which information may be translated into usable form (e.g. computer memory) are also included.  Said definition shall include, inter alia, recordings, transcripts and/or summaries of oral communications, telephonic or otherwise.

9.  Whenever used herein, the singular shall be deemed to include the plural, and the plural

shall be deemed to include the singular; the masculine shall be deemed to include the

feminine, and the feminine shall be deemed to include the masculine; the disjunctive (or)

shall be deemed to include the conjunctive (and), and the conjunctive shall be deemed to

include the disjunctive; and each of the functional words "each" "every" "any" and "all"

shall be deemed to include each of the other functional words.

10. The terms "relating to", "regarding" or "referring to" mean, in whole or in part,

containing, constituting, evidencing, reflecting, identifying, stating, mentioning,

concerning, contradicting, rebutting, inconsistent with, dealing with, bearing upon, or in

any way pertaining to, directly or indirectly.

11. The term "communication" means each manner or means of disclosure or exchange of

information whether oral, electronic, by document or otherwise, and whether face to face,

in a meeting, by telephone, mail, personal delivery, or otherwise.

12. The term "all documents" shall mean each and every document within a stated category,

and/or documents subject to identification, and/or documents which can be located on

premises owned by you and/or elsewhere.  Documents located on premises other than

your premises are specifically included.

13. The terms "identify," "identity" and "identification":

    a.  When used in reference to an individual person means to state his/her full name,

       present address and his/her present employment position and business affiliation;

    b.  When used in reference to any entity other than an individual person, means to

       state whether such entity is a corporation, partnership or other organization, and

       the name, present and last known address, and principal place of business.  Once

       any person has been properly identified, it shall be sufficient thereafter when

8

identifying the same person to state his/her/its name only.

c.  When used in reference to a document or documents means to:

    1)  State the date, author (or if different, the signor(s)), the addressee, recipients of copies, the type of document (e.g. letter, memorandum, telegram, chart, sketch, diagram, etc.) or any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents; and

    2)  If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the document and the reasons for such disposition.  In lieu of identifying any document, a true and correct copy thereof may be annexed to the answers to the document requests. If any such document has already been furnished to the Plaintiff, only one reference to such document is necessary so as to enable the Plaintiff to identify it.

d.  When used in reference to a communication means to:  state whether such communication was in the form of a "document" as defined in paragraph 9, supra, and if in the form of a "document," identify such document.  If the communication was oral, identify: the person making the communication, the person(s) to whom the communication was made, any other persons present when such communication was made, the date, place and time of such communication, state whether such communication was memorialized in writing and describe the exact substance of such communication in as much detail and as specifically as possible, while also identifying the substance of each part of the communication

9

and in which order each party communicated.

14. An objection or claim of privilege or work product directed to any part of any

interrogatory shall not constitute an excuse for failure to respond to any portion of any

interrogatory for which no objection or claim of privilege or work product is made.

## INTERROGATORIES

1. State the full name, address and telephone number of any and all businesses in which

you were involved or had an ownership share during the period in question, and state the nature

of each business.

RESPONSE:

2. Do you have any interest in a corporation, partnership, or trust? If so, state the name

and address of each such corporation, partnership, or trust, and include the names, addresses and

telephone numbers of all other shareholders, partners, settlors, trust protectors, trustees, and

beneficiaries.

RESPONSE:

3. Identify by name, address and telephone number each and every domestic and foreign

bank and/or financial institution in which you have an account or over which you have signatory

authority or other such control, and provide the account number, type of account, and account

balance from January 1, 2008 to present. In addition, identify the record owner or title of the

account.

RESPONSE:

4. Furnish the following financial information with respect to yourself as of March 12,

2013:

| a. Assets | Cost($) | Fair Market Value ($) |
|-----------|---------|-----------------------|

1)    Cash
2)    cash surrender value of insurance
3)    accounts receivable
4)    notes receivable
5)    merchandise inventory
6)    real estate
7)    furniture and fixtures
8)    machinery and equipment
9)    trucks and delivery equipment
10)   automobiles
11)   stocks, bonds, or other securities
12)   pensions or annuities
13)   gold
14)   silver
15)   other precious metal, including but
not limited to platinum, rhodium, iridium,
palladium, rhenium, or ruthenium
16)   jewelry

b.  Liabilities                               Amount ($)            Fair Market
                                                                    Value  ($)

1)    loans insurance
2)    accounts payable
3)    notes payable
4)    mortgages
5)    accrued real estate taxes
6)    judgments
7)    reserves

     5.    For any and all assets identified in response to Interrogatory 4 above, please

describe the assets in detail, provide the location of and the address for the asset, the custodian

of the asset, and describe how each asset is titled.

     RESPONSE:

     6.    Do you have any accounts receivable or notes receivable?  If so, set forth the

name, address and telephone number of the person or entity that is indebted to you, and

provide the amount of each account or note receivable.

     RESPONSE:

11

7.      Do you currently own, claim an interest in, or possess any real property?  If your

answer to this interrogatory is in the affirmative, state or identify:

      (a) the property's address;
      (b) the type of property (i.e., house, condominium, etc.);
      (c) the cost of the property at the time purchased;
      (d) present fair market value of the property;
      (e) any encumbrances against the property and the balance, if any, of the
          encumbrance (lien, mortgage, etc.);
      (f) how you titled the property upon its purchase or acquisition (i.e. grantee); and
      (g) how the property is currently titled.

RESPONSE:

8.      Are there any properties in which you have an interest but which is listed in

another person or another entity's name?

If your answer to this interrogatory is in the affirmative, state or identify:

      (a) the property's address;
      (b) the type of property (i.e., house, condominium, etc.);
      (c) the cost of the property at the time purchased;
      (d) present fair market value of the property;
      (e) any encumbrances against the property and the balance, if any, of the
          encumbrance (lien, mortgage, etc.);
      (f) how you titled the property upon its purchase or acquisition (i.e. grantee); and
      (g) how the property is currently titled, including the person or entity in whose name
          the property is titled.

9 .     Set forth the following information regarding all stocks, bonds, or securities

(including, but not limited to, any interest in money market or other mutual funds) owned by

you or held on your behalf from 2009 to the present (and indicate if you sold or otherwise

transferred any stock):

| Name of Company | Record Owner | Number of Units | Cost | Fair Market Value | Indebtedness |
|---|---|---|---|---|---|

(a) if you receive any dividends or interest on any stocks, bonds or securities, set forth the date the dividends or interest is payable, and the amount received in the last year.

RESPONSE:

10.      Identify all sources of income from January 1, 2008 until the present including, but not limited to:

> (a) salaries, wages, or commissions;
> (b) dividends;
> (c) interest;
> (d) income from business/profession;
> (e) partnership income;
> (f) capital gains;
> (g) annuities and pensions;
> (h) rents and royalties;
> (i) income from estates and trusts; and
> (j) disposition of precious metals.

RESPONSE:

11.      With respect to each of the items set forth in the preceding interrogatory, state the name, address, and telephone number of the source from which the income was received (and provide account numbers where applicable).

RESPONSE:

12.      Do you own or have an interest in any Individual Retirement Accounts, Stock Option Plans, pension or profit sharing plans, or any other savings or retirement plans other than those listed in response to previous interrogatories? If your answer is yes, state the name, address and telephone number of the custodian of all such assets and state the amount.

RESPONSE:

13.      Have you any other assets or an interest in assets, either actual or contingent, other than those listed in the previous interrogatory requests (i.e., antiques, stamp collections,

boat, musical instruments, etc.)? If so, please describe the assets in detail, identify the location of the asset, state the current fair market value of each such asset and describe how each asset is titled.

RESPONSE:

14.    State whether you have filed with the United States Internal Revenue Service income tax returns for the years 2008, 2009, 2010, 2011 and 2012?

If your answer is affirmative, state:

(a) the date that each return was filed; and

(b) the address or location of the IRS Service Center where the return was filed.

RESPONSE:

15.    Identify all credit, debit, and/or automatic teller ("ATM") cards which you use or control, regardless of whether such cards are titled in your name, during the period in question, and for each such card, identify, state or describe:

(a) the name and address of the financial institution that issued the card (i.e. VISA, MasterCard, American Express, bank, etc.);

(b) the account number; and

(c) the name(s) on the card.

RESPONSE:

16.    For any and all of the assets identified in response to any of the Interrogatories above, please state whether there has been any change in the ownership of, encumbrance of, transfer of interest in, transfer of funds from, or any other change reflecting an increase or diminution in value of said assets since March 12, 2013.

RESPONSE:

14

17.    Please state whether you have a money-containing client account with any professional services organization (e.g., a law firm), and state the amount of funds in that account as of the date of your response to these interrogatories.

RESPONSE:

18.    Please provide copies of any and all unprivileged documents and electronic information in your custody evincing, concerning, relating or pertaining to the payment by you for legal services rendered.

RESPONSE:

19.    Identify any and all trusts set up by you or at your direction through another person

RESPONSE:

20.    Identify and describe in detail all legal actions to which you have been a party or are currently a party since January 1, 2008.  Your response should include a full description of the nature of the suit, your attorney, the identity of all other parties and their counsel, the disposition and/or current status of such legal proceeding.

RESPONSE:

21.    If you have suffered any personal injuries since January 1, 2008 please describe all such injuries and state whether any claims for compensation have been made against any other party or any insurance company.  Your answer should include a complete description of all claims you have made, any payments that have been made to you, and any claims or demands for payment outstanding.

RESPONSE:

15

**ANNEX B**

### JUDGMENT CREDITOR'S REQUEST AND DEMAND
### FOR DOCUMENTS

Pursuant to New York State CPLR § 5224(a)(2), Plaintiff-Judgment Creditor SALERA
CAPITAL MANAGEMENT, LLC requests and demands that you respond and provide
documents in response to the following questions and instructions to the best of your knowledge
in writing and under oath within seven (7) days from the date of service. If you assert that a
response to a question below is barred by attorney-client privilege, please make that assertion in
writing, and identify, for each demand, the specific nature of the privilege.

### **DEFINITIONS AND INSTRUCTIONS**

1.      "You", "Your", "Mr. Caisse", or "Defendant" refers to Defendant in this action

Bryan P. Caisse, his agents, agencies, employees, servants and representatives.

2.      The term "Plaintiff" refers to the Plaintiff in this action, Salera Capital

Management, LLC and any and all predecessors, successors, affiliates, subsidiaries, and/or

related entities.

3.      The term "foreign" shall mean pertaining, dealing with or relating to other

countries outside of the United States.

4.      The term "domestic" shall mean pertaining to dealing with or relating to the

United States of America and its territories.

5.      Unless otherwise specifically described in any separately numbered paragraph,

the time period covered by these discovery requests shall commence on January 1, 2009, and

shall extend continuously through the date of Defendant's answers to these discovery requests

and supplementation of Defendant's responses. This time period may be referred to herein as the

"relevant time period."

6.     Where knowledge or information in the possession of a party is requested, such request includes the knowledge of the party's agents, agencies, representatives, employees, partners and, unless privileged, its attorneys.

7.     The term "person" includes a corporation, partnership, or other business association or entity, natural person and any government or government body, commission, board or agency.

8.     The term "documents" shall mean, unless otherwise indicated, the original and all non-identical copies of any written, typed, printed, photocopied, photographic or recorded matter of any kind in your possession or known by you to exist, no matter how produced, recorded (including but not limited to magnetic, mechanical, or electronic recordings), stored in computers or otherwise, or reproduced including, but not limited to, all letters, electronic mails, correspondence, telephone logs, telephone message slips, books, periodicals, contracts, telegrams, paper communications, tabulations, charts, memoranda, handwritten notes, drafts, records, memoranda or transcriptions by mechanical device, by longhand or shorthand by tape recorder or by other means, interoffice communications, microfilm, lists, bulletins, calendars, circular, desk pads, ledgers, minutes, journals, diaries, invoices, balance sheets, profit and loss statements, income statements, pamphlets, studies, notices, summaries, reports, analyses, teletype messages, faxes, work sheets, and all other graphic materials, writings and instruments however produced or reproduced. Data compilations from which information may be translated into usable form (e.g. computer memory) are also included. Said definition shall include, *inter alia*, recordings, transcripts and/or summaries of oral communications, telephonic or otherwise.

9.     Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the

17

feminine, and the feminine shall be deemed to include the masculine; the disjunctive (or) shall be deemed to include the conjunctive (and), and the conjunctive shall be deemed to include the disjunctive; and each of the functional words "each" "every" "any" and "all" shall be deemed to include each of the other functional words.

10.     The terms "relating to", "regarding" or "referring to" mean, in whole or in part, containing, constituting, evidencing, reflecting, identifying, stating, mentioning, concerning, contradicting, rebutting, inconsistent with, dealing with, bearing upon, or in any way pertaining to, directly or indirectly.

11.     The term "communication" means each manner or means of disclosure or exchange of information whether oral, electronic, by document or otherwise, and whether face to face, in a meeting, by telephone, mail, personal delivery, or otherwise.

12.     The term "all documents" shall mean each and every document within a stated category, and/or documents subject to identification, and/or documents which can be located on premises owned by you and/or elsewhere. Documents located on premises other than your premises are specifically included.

13.     The terms "identify," "identity" and "identification":

a. When used in reference to an individual person means to state his/her full name, present address and his/her present employment position and business affiliation;

b. When used in reference to any entity other than an individual person, means to state whether such entity is a corporation, partnership or other organization, and the name, present and last known address, and principal place of business. Once any person has been properly identified, it shall be sufficient thereafter when identifying the same person to state his/her/its name only.

18

c. When used in reference to a document or documents means to:

(1) State the date, author (or if different, the signor(s)), the addressee, recipients of copies, the type of document (e.g. letter, memorandum, telegram, chart, sketch, diagram, etc.) or any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a request for production of documents; and

(2) If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of the document and the reasons for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed to the answers to the document requests. If any such document has already been furnished to the Plaintiff, only one reference to such document is necessary so as to enable the Plaintiff to identify it.

d. When used in reference to a communication means to:  state whether such communication was in the form of a "document" as defined in paragraph 8, supra, and if in the form of a "document," identify such document.  If the communication was oral, identify: the person making the communication, the person(s) to whom the communication was made, any other persons present when such communication was made, the date, place and time of such communication, state whether such communication was memorialized in writing and describe the exact substance of such communication in as much detail and as specifically as possible, while also identifying the substance of each part of the communication and in which order each party communicated.

14.    An objection or claim of privilege or work product directed to any part of any document request shall not constitute an excuse for failure to respond to any portion of any document request for which no objection or claim of privilege or work product is made.

15.    If you are aware of the existence of a document which is within the scope of this
request for production but is not currently in your possession or which has been destroyed, or if
you do not produce any document under a claim of privilege or the work product doctrine, please
identify the document not produced and the reason for its non-production by providing the
following information:

(1) a description of the document, including its title, if any, its character

(e.g., memorandum, letter, telephone log, etc.);

(2) the date of the document;

(3) the author(s) of the document;

(4) the identity of all recipients of the document;

(5) the present location and custodian of the document;

(6) the reason for the non-production of the document;

(7) the purpose for which the document was created;

(8) the substance and content of the document.

16.    Each document is to be produced in its entirety, together with any attachments,
appendices, or exhibits. Documents shall be produced in the order in which they were filed or
stored and copies of all file folders, labels, or other indexing or organizing information shall be
produced.

17.    For each request or part thereof which is objected to on the grounds of undue
burden or expense, the objection should state:

(1) the number of files and/or documents needed to be searched;

(2) the location of each such files;

(3) the number of hours required to conduct the search; and

20

(4) the estimated cost of the search in dollars.

## DOCUMENT REQUESTS

1.    Any and all documents that contain information requested in or which were relied on or used by you in preparing your responses for Petitioner/Judgment Creditor's Judgment Creditor's Request and Demand for Information to Defendant/Judgment Debtor Bryan Caisse.

2.    All documents, including but not limited to monthly, quarterly, or other periodic statements, cancelled checks, deposit slips, wire transfers, etc. regarding any domestic or foreign bank or other financial account, regardless of how such account is titled, over which you had signatory authority or other such control at any time during the period from 2009 to present.

3.    Copies of all credit, debit and/or ATM card statements of account, wherever located and regardless of whose name appears on the account(s), from 2009 to present, for such card(s) which you use or which you have signatory authority or other such control.

4.    Copies of all receipts, statements, deposit slips, wire transfer memoranda, debit slips, electronic mail messages, and other such documents reflecting any funds, stock and, or property having a value in excess of $500.00 transferred by you from 2009 to present.

5.    Copies of all correspondence, notes, memoranda, written by you or received by you regarding any account(s) identified in response to Document Request Nos. 1 through 3 above.

6.    Copies of all documents regarding any stocks, mutual funds, financial investments, etc., and/or transfers of funds from 2009 to present.

7.    Copies of all documents signed by you establishing, modifying, amending or pertaining to any domestic and/or foreign trust in which you are a settlor, trustee, trust protector, and/or beneficiary since 2009 to present.

21

8.    Copies of any documents reflecting that you have an interest in a limited partnership.

9.    Copies of all documents, including but not limited to, correspondence, wire transfers, memoranda, notes, statements from brokerage, bank or other financial accounts, etc., regarding the purchase, transfer and sale of precious metals, including gold, from 2009 to present.

10.    Copies of all journals, books, receipts, and other such documents reflecting, stating, identifying, and/or describing:

a. assets located in the United States which you possess or control directly or through other persons, entities, or nominees; and

b. assets located outside the United States which you possess or control directly or through other persons, entities, or nominees.

11.    Copies of all letters, notes, memoranda, and other such documents sent or written by you to any attorney (including foreign attorneys) regarding the disposition, transfer, purchase, or sale of any asset owned by you or held on your behalf from 2009 to present.

12.    Copies of all documents which constitute those identified or referred to in Petitioner/Judgment Creditor's Judgment Creditor's Request and Demand for Information to Defendant/Judgment Debtor Bryan Caisse addressed to you and served simultaneously with this Request for Production of Documents or in the response to those Interrogatories.

13.    Copies of all stock certificates in which you and/or your spouse have or had an interest from January 1, 2009 to present.

14.    Copies of any and all United States federal or state income tax returns for the years 2008 to the present.

22

15.    Copies of all monthly telephone bills from January 1, 2008 to present.

16.    Copies of all financial statements and/or loan applications prepared by you or on your behalf during the period in question.

17.    Copies of all deeds, mortgages, leases and notes executed by you and/or that were in effect during the period in question.

18.    Copies of all documents relating to the payment of legal services provided in the underlying dispute between the parties herein.

19.    All documents relating to renovations, improvements or the acquisition of any residence in which you have lived since January 1, 2008.

20.    All documents relating to the payment by you of any tuition for your own benefit or for the benefit of others.

21.    All documents relating to any charitable contributions you have made.

22.    All documents relating to any legal actions to which you have been a party since January 1, 2008 or to which you are currently a party.

## AFFIRMATION OF SERVICE

I, Steven A. Cash, an attorney admitted to practice before the Courts of the State of New York, do affirm under penalty of perjury, and state:

On the 8th day of August, 2013, I served the foregoing INFORMATION SUBPOENA & SUBPOENA DUCES TECUM WITH RESTRAINING NOTICE on Defendant Judgment Debtor Bryan P. Caisse, by depositing a copy in a post-paid envelope, Certified Mail, Return Receipt Requested in the U.S. Mail addressed to Bryan P. Caisse, at the address noted below, accompanied by a post-paid return envelope, all documents being in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by the return address or otherwise, that the communication is from an attorney or concerns a judgment or order

**Bryan P. Caisse**
**101 West 79th Street, Apartment 29**
**New York, New York 10024**

Dated:        Washington, D.C.
              8th day of August 2013

Respectfully submitted:

_____
Steven A. Cash, Esq.
Law Offices of Steven A. Cash, LLP
1825 Eye Street, Suite 400
Washington, D.C. 20006
*Attorney for Plaintiff/Judgment Creditor*

24

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| SALERA CAPITAL MANAGEMENT, LLC, <br><br><br>            Plaintiff, <br><br>     v. <br><br><br> BRYAN P. CAISSE, <br><br><br>            Defendant. | **Index No. 100800/13** <br><br> **NOTICE OF ENTRY** |

**PLEASE TAKE NOTICE** that the attached is a true of copy of a **JUDGMENT** entered

in the office of the Clerk of the Supreme Court, New York County, on the 31st day of

May, 2013.

Dated: Washington, D.C.
       8th Day of August 2012

*Steven A. Cash*
_____
Steven A. Cash, Esq.
Law Offices of Steven A. Cash
1825 I Street, N.W., Suite 400
Washington, D.C. 20006
(301) 908-3927

Attorney for Judgment Creditor

*Of Counsel*
Thaler Liebeler LLP
Lars H. Liebeler
Jackson S. Nichols
1825 Eye Street, Suite 400
Washington, D.C. 20006

ATTACHMENT



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SALERA CAPITAL MANAGEMENT, LLC, <br><br>                            Plaintiff, <br><br>      v. <br><br> BRYAN P. CAISSE, <br><br>                          Defendant. | Index No. __100800/13__ <br><br> **AFFIRMATION OF STEVEN A. CASH IN SUPPORT OF REQUEST TO FILE FOREIGN JUDGMENT PURSUANT TO THE NEW YORK STATE UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT** |

I, Steven A. Cash, Esq., an attorney-at-law admitted to practice in the courts of the State of New York and Washington, D.C., affirm under penalty of perjury that the following statements are true:

1. I represent Salera Capital Management, LLC, Plaintiff/Judgment Creditor in the above-captioned matter (hereinafter "Judgment Creditor"), and as such I am familiar with the facts and circumstances related to this matter.

2. I make this affirmation based on my review of the files, including pleadings and court documents, associated with this matter.

3. On March 12, 2013, the Clerk of the Circuit Court of the County of Fairfax in the Commonwealth of Virginia entered final judgment (hereinafter "the Virginia Judgment), in favor of Judgment Creditor and against Bryan P. Caisse, Defendant and Judgment Debtor in the above-captioned matter (hereinafter "Judgment Debtor"), in the total amount of $694,910, plus judgment interest at the judgment rate from the date of

March 12, 2013. A copy of the Virginia Judgment, duly authenticated on May 24, 2013

pursuant to CPLR § 4542, is included herewith as Exhibit B.

4. The Virginia Judgment was not obtained by default in appearance or by

confession of judgment, is unsatisfied in whole or in part, the entire amount of the

Virginia Judgment remains unpaid, and its enforcement has not been stayed.

5. The last known address of Judgment Debtor is 101 W. 79th Street,

Apartment 29A, New York, NY 10024.

DATED:        May 30, 2013

Respectfully submitted:

*Plaintiff:*
*47361 middle Bluff Place*
*Sterling Va. 20165*

Steven A. Cash, Esq.
Law Offices of Steven A. Cash, LLP
1825 Eye Street, Suite 400
Washington, D.C. 20006
*Attorney for Plaintiff/Judgment Creditor*

FILED

MAY 31 2013

COUNTY CLERK'S OFFICE
NEW YORK

*Docketed as a foreign*
*Judgment from the state*
*of virginia pursuant to*
*CPLR 5402 NY/ED*

2



**EXHIBIT B**

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX To wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a seal, do hereby certify that the foregoing and hereunto annexed paper is a true and complete copy of:

An Order of Judgment was entered on March 12, 2013 in the case of Salera Capital Management, LLC v. Bryan P. Caisse, in case No.CL 2012-1882 now on file in my office.

May 24, 2013

IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

_Clerk's Signature_

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX To wit:**

I, Dennis J. Smith, Chief Judge of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record, do hereby certify that John T. Frey, whose genuine signature appears signed to the foregoing and hereunto annexed certificate and thereon written, was, at the date thereof, and is now, the Clerk of said Court, duly elected, qualified and authorized under the laws of said State to give the same, and all his official acts as such Clerk are entitled to full, faith and credit; and that the said certificate is in due form of law and by the proper officer. I further certify that I am well acquainted with the handwriting of said John T. Frey, Clerk as aforesaid, and that his said signature to the foregoing and hereunto annexed certificate is his usual and genuine signature.

_Judge's Signature_

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX To wit:**

I, John T. Frey, Clerk of the Circuit Court of Fairfax County, Virginia, the same being a Court of Probate and of Record and having a Seal, do hereby certify that the Honorable Dennis J. Smith, whose genuine signature appears signed to the foregoing certificate and thereon written, was at the date thereof, and is now, the Chief Judge of said Court and County, duly elected, qualified and authorized under the laws of the State of Virginia to give the same, and that all of his official acts as such Judge are entitled to full faith and credit.

I further certify that I am well acquainted with the handwriting of the said, Dennis J. Smith, Chief Judge, as aforesaid, and that the signature to the said Certificate is his usual and genuine signature.

IN TESTIMONY WHEREOF I have hereunto set my hand and affixed the seal of the said Court hereto, at Fairfax, Virginia this:

_Clerk's Signature_

May 24, 2013

copy to Judgments 3/20/13

**VIRGINIA:**

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY

SALERA CAPITAL MANAGEMENT, LLC, )
)
Plaintiff, ) Case No. 2012-01882
)
v. )
)
BRYAN P. CAISSE, )
)
Defendant. )
)

### ORDER OF JUDGMENT

Having heard testimony and other evidence in this matter, it is hereby

ORDERED, that JUDGMENT IS ENTERED in favor of Plaintiff Salera Capital

Management and against Defendant Bryan Caisse in the sum of $~~662,900~~ computed in
*(handwritten: 661,700 694,910)*

accordance with the Promissory Note dated August 5, 2009 as $150,000 principal, plus $22,500

fee, plus a $400 per day fee for 1,226 days to March 12, 2013 for a total of $~~662,900~~. ~~It is~~
*(handwritten: $661,700, plus attorney)*

~~further~~
*(handwritten: post- fees in the amount of $33,210, plus judgment interest at the judgment)*

~~ORDERED, that Plaintiff shall have 10 days to submit an application showing attorneys~~ *rate*

~~fees incurred in the prosecution of this action and that sum shall be added to the sum set forth~~ *from the*

~~above and shall be entered as a final judgment.~~ *date of March 12, 2013.*

SO ORDERED this __12__ day of __March__, 2013.

_____
JUDGE

Plaintiff : SALERA CAPITAL MANAGEMENT
Defendant: CAISSE, BRYAN
Date/Time Docketed: 3/20/2013 12:15:36 PM    Judgment No: 531755
Recorded in FAIRFAX CIRCUIT COURT

TESTE: JOHN T. FREY

WE ASK FOR THIS:

Cathleen Schmidt Gormley, Esquire VSB #26461
Jane Lemley Rasmussen, Esquire VSB#36344
9691 -A Main Street
Fairfax, Virginia 22031
(703) 978-9883
(703) 978-5055 fax
*Attorneys for Plaintiff*

SEEN and OBJECTED TO  *on the grounds listed below ✱*

Mark D. Henshaw, Esq.
Mark D. Henshaw, P.C.
9253 Mosby Street
Suite 202
Manassas, Virginia 20110
*Attorney for Defendant*

✱  The Court erred in concluding the funds provided by the Plaintiff were in fact used for business purposes and therefore usury laws/prohibitions did not apply to the transaction; and

The Court erred in ruling that the terms of the unsecured promissory note (Exhibit #2, Plaintiff's) were binding on the Defendant; and

The Court erred in awarding 22,500$ plus $900$ per day as well as attorney's fees without any original note being presented at trial; and.

The Court erred in concluding this loan was a commercial transaction.

Law Offices of Steven A. Cash, PLLC

Index Number _____

SUPREME COURT OF THE COUNT OF NEW YORK
COUNTY OF NEW YORK

SALERA CAPITAL MANAGEMENT, LLC,

        Plaintiff,

v.

BRYAN P. CAISSE,

        Defendant.

## REQUEST TO FILE FOREIGN JUDGMENT PURSUANT TO THE NEW YORK STATE UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT

Law Offices of Steven A. Cash, PLLC

*Attorney for Plaintiff*

*1825 I Street, N.W.*
*Suite 400*
*Washington, D.C. 20006*

*295 Madison Avenue*
*16th Floor*
*New York, New York 10017*

301-908-3927

*The undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) the presentation of the paper or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].*



1-1

FILED AND DOCKETED
MAY 31 2013
AT 2:36 P.M.
N.Y. CO. CLK'S OFFICE

## AFFIRMATION OF SERVICE

I, Steven A. Cash, an attorney admitted to practice before the courts of the State of New York and the District of Columbia, do affirm under penalty of perjury, and state:

On the date noted below, I served a copy of the foregoing Judgment with Notice of Entry on Bryan P. Caisse, as follows. by enclosing a true copy of the notice in a post-paid wrapper and causing it to be deposited in the wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to person named below at the last known address and such other addresses as are set forth below:

**Bryan P. Caisse**
**101 West 79th Street, Apartment 29A**
**New York, New York 10024**

Dated: Washington, D.C.
      8th Day of August 2012

*Steven A. Cash*

_____

Steven A. Cash, Esq.
Law Offices of Steven A. Cash
1825 I Street, N.W., Suite 400
Washington, D.C. 20006
(301) 908-3927

Attorney for Judgment Creditor

3

AFFIRMATION OF SERVICE


Steven A. Cash,  an attorney admitted to practice in the courts of the State of New York,
affirms under penalty of perjury pursuant to CPLR § 2106 as follows:

1. I am over the age of eighteen, and I am not a party to this action.

2. On September 22, 2015, I served upon the following, by first class U.S. Mail, by
causing to be deposited true copies of  the foregoing document  securely enclosed in a
properly addressed first class postpaid wrapper in an official depository under the
exclusive care and custody of the United States Postal Service within New York State, as
well as via United Parcel Service (UPS), addressed to:

Bryan P. Caisse
253 West 72nd Street
Apartment 1402
New York, New York 10024



Dated this 22nd day of September, 2015


*Steven A. Cash*

Steven A. Cash, Esq.
Day Pitney, LLP
1100 New York Avenue, N.W.
Washington, D.C. 20005

212-685-9660

scash@daypitney.com

Attorney for Plaintiff/
Judgment-Creditor