# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

*In Re*

      Bryan CAISSE,

              Debtor.

_____

Charlie Mills a/k/a Charles Mills; Salera
Capital Management, LLC,

              Plaintiffs,

v.

Bryan CAISSE,

              Defendants.

Chapter 7

Case No: 15-12777-smb

COMPLAINT OBJECTING TO THE
DISCHARGEABILITY OF DEBTS

Plaintiffs-Creditors, by and through their attorney, Steven A. Cash, Esq., as and

for their Complaint objecting to the Defendant-Debtor's discharge, respectfully represent

and allege as follows:

## INTRODUCTION

1.  This is a core proceeding over which this court has jurisdiction under title 28

U.S.C. § 157(b)

2.  Plaintiffs seek a determination under 11 U.S.C.  § 523 as to the dischargeability of

certain debts owed by Defendant-Debtor to Plaintiff-Creditors.

1

PARTIES

3.      Upon information and belief, Defendant Bryan Caisse ("Caisse") is an

individual residing in the State of New York at 253 West 72nd Street, Apartment 402,

New York, New York 10023.

4.      Salera Capital Management, LLC ("Salera") is a Virginia limited liability

company with its principal place of business located at 47361 Middle Bluff Place,

Sterling, Virginia 20165.

5.       Charlie "Chuck" Mills ("Mills") is an individual residing in the

Commonwealth of Virginia, at an address known to the undersigned.  Mills is the owner

of Salera.

BACKGROUND

6.      On or about August 5, 2009, Caisse entered into an agreement with Salera

whereby Salera loaned Caisse the sum of $150,000.00 and Caisse agreed to repay that

sum along with fees; the transaction was evidenced by two Promissory Notes

(collectively "the Notes").

7.      Under the terms of the Notes, the entire indebtedness owed to Salera by

Caisse was due and payable on November 3, 2009; Caisse did not pay the debt as agreed.

8.      As of January 27, 2012, Caisse owed to Salera the sum of $499,700.00

under the terms of the Notes.

9.      Upon information and belief, Salera was induced to enter into the terms of the loan, and forbear, for a time, enforcing the terms of the notes, based on a series of false and fraudulent statements made by Caisse, orally and in writing:

   a.  Caisse falsely claimed that other investors were investing in Huxley and grossly overinflated the amount of those "investments";

   b.  Caisse claimed in both e-mails and in telephone conversations that the monies were to be used to fund Huxley Capital; in fact the funds were used for personal expenses such as his lavish lifestyle and children's tuition;

   c.  Caisse falsely claimed that Huxley Capital had, at the time of the loan, $600 million in assets under management;

   d.  Caisse falsely claimed he never received or signed one of the signed promissory notes; and

   e.  Caisse falsely claimed on multiple occasions that he had a portion ($150,000) of the money to pay the debt, but was waiting for the final portion to make full payment back.

10. On March 12, 2013 a one-day trial was held.  Both Mr. Mills and Caisse testified; the Court found in favor of Salera.

11. That same day the Clerk of the Circuit Court of the County of Fairfax in the Commonwealth of Virginia entered final judgment in favor of Salera and against Caisse the total amount of $694,910, plus judgment interest at the judgment rate from the date of March 12, 2013, a matter styled *Salera Capital Management, LLC v. Bryan P. Caisse*, No. CL 2012-1882.

12.     On May 31, 2013 the judgment in the above-captioned matter was entered in the office of the Clerk of the Supreme Court, New York County, "domesticated" as a Foreign (Sister State) Judgment pursuant to NY CPLR § 5402; that matter is styled *Salera Capital Management, LLC v. Bryan P. Caisse,* Index No. 100800/2013 (Sup. Ct. N.Y. County).

13.     On or about May 7, 2013, the undersigned learned that Caisse had become the subject of a criminal investigation conducted by the New York County District Attorney's Office – that investigation focused on conduct including events which were at issue in the Fairfax County, Virginia matter.

14.     On October 8, 2013 a search warrant was executed by law enforcement personnel directed by the New York County District Attorney's office at Caisse's Manhattan apartment; soon thereafter, Caisse fled the United States.

15.     On January 18, 2014 Caisse was arrested at an airport in Bogota, Columbia, and returned, in custody, to the United States.

16.     On January 21, 2014 Caisse was indicted in New York County, charged with four counts of Grand Larceny in the Second Degree, six counts of Grand Larceny in the Third Degree, and one count of Scheme to Defraud in the First Degree.

17.     The crimes charged in the indictment included the conduct which was pled in the Fairfax County matter.

18.     On or about August 11, 2014, Caisse pled guilty to one count each of Grand Larceny in the Third Degree, NY Penal § 155.40, and Scheme to Defraud in the First Degree, NY Penal § 190.65.

19.     According to his guilty plea, from April 2008 through October 2013, Caisse induced victims, including Salera, to lend him more than $1 million under the guise that the money would be used for his new hedge fund, Huxley Capital Management. Rather than investing the money in his company, Caisse spent the money on personal expenses, including rental payments, car services, personal debts, credit cards, cash withdrawals, and restaurants.

20.     As his victims began seeking repayment, Caisse became evasive and difficult to reach. He set up email accounts in the names of fictitious assistants, and sent emails claiming that he had been seriously injured in a car accident, and that they would be repaid. Despite what Caisse told his victims, he continued his active lifestyle, running up credit card debt for travel, car services, meals at high-end restaurants, and other personal expenses.

21.     While Caisse did repay some of these victims – though usually a mere fraction of what they were owed – he did so with his other victims' money.

22.     Caisse did not pay any money due to Salera.

23.     On October 8, 2014, Caisse was sentenced to 1 ½-to-4 ½ years in state prison.

24.     As part of his plea and sentence, Caisse was ordered to pay restitution to each of a number of individual victims of his crime.

25.     With respect to Plaintiff-Creditor Charles Mills, Caisse was ordered to pay the sum of $119,000.00.

26.     As of this date, no payments have been made to Mr. Mills pursuant to the restitution order.

27.    On May 19, 2015, Caisse was released to parole supervision, and is currently on parole.

28.    By letter dated June 10, 2015 to Mr. Caisse (at his last known address), the undersigned wrote "I am writing to ensure that all involved counsel, as well as Mr. Caisse, are aware of the pending New York judgment, and that I am undertaking efforts to recover, pursuant to NY CLS CPLR, Art. 52, monies due under that judgment. Specifically, Mr. Caisse was served with an Information Subpoena, Subpoena Duces Tecum and Restraining Notice dated August 8, 2013. He has not responded to that process."

29.    On June 25, 2015, undersigned learned of Caisse's current address, and by letter dated July 1, 2015, wrote again to Mr. Caisse: "On August 8, 2013 you were served with an Information Subpoena, Subpoena Duces Tecum and Restraining Notice, which provided included notice that 'false swearing, or failure to comply with this subpoena is punishable as contempt of court.' You have failed to comply with the subpoenae. In an effort to avoid the necessity of seeking to compel your compliance or seek a finding of contempt, I am contacting you to provide you the opportunity of responding on or before July 17, 2015. In addition, please ensure that you fully comply with the restraining notice." A copy of the June 10, 2015 letter was enclosed, which in turn included a copy of the Information Subpoena, Subpoena Duces Tecum and Restraining Notice.

30.    By letter dated July 8, 2015, Caisse responded, acknowledging receipt of the July 1, 2015 letter, and his "understanding that you are requesting information from me." He further advised that "[a]ny records that I have with my belongings are not in the

6

State of New York…. [a]s a condition of my Parole, I am not allowed to leave the State….[w]hen I am able to do that, I will start putting together the information for you."

31.     By letter dated July 16, 2015 undersigned wrote again to Caisse: "I write in response to your letter dated July 6, 2015, in which you acknowledge receipt of my letter of July 1, 2015. The July 1, 2015 letter included a copy of an Information Subpoena & Subpoena Duces Tecum with Restraining Notice. As noted, you have failed to comply with, or even respond to, the subpoena."

32.     By letter dated July 24, 2015, Caisse responded: "I am in receipt of you most recent letter. After the subpoena was issued, a search warrant was conducted of my house and an enormous amount of documentation, much of it pertinent to your request, was taken.  All my other records, as I previously stated, were moved out of State. As I have informed you, the current terms of my parole do not allow me to leave the State of New York. Attached is an email request from my lawyer to the District Attorneys [sic] office for some of my records. It isn't the first request. I was told, verbally, by my lawyer yesterday, that the response was that the documents are not available for release until one year after sentencing, which will bring me to mid-October. There have clearly been a lot of circumstances standing in way to get you information. This letter, and the rest of our correspondence, will be sent to the Judge handling this case."

33.     On September 22, 2015 I served, by U.S. Mail, a copy of a Notice of Motion to Compel Compliance with a Subpoena Pursuant to NY CPLR § 2308 on Caisse.[1]

---

[1] By letter of September 24, 2015 the New York County Clerk, I.A.S. Motion Support Office returned the filed papers (which had already been served on Caisse) because they were deemed defective, as they did

34.     On October 14, 2015 Caisse filed the instant Voluntary Petition in Bankruptcy.

35.     On October 30, 2015, Salera filed a Proof of Claim ("Salera Claim") in the amount of $854,434.68, representing the amount of the New York domesticated judgment, which was based, in turn on the Virginia judgment.

36.     Also on October 30, 2015, Mills filed a Proof of Claim ("Mills Claim") in the amount of $119,000.00, representing the amount of the Restitution Order.

## FIRST CLAIM FOR RELIEF

37.     The Salera claim is not dischargeable pursuant to 11 USC § 523(a)(2)(A), because it is a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by: (a) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

## SECOND CLAIM FOR RELIEF

38. The Salera claim is not dischargeable pursuant to 11 USC § 523(a)(2)(B), because it is a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by: (b) [U]se of a statement in writing-- (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

---

not include the room number to which the motion was returnable.  By the time this communication was received, the undersigned was aware of the filing of the Bankruptcy petition, and, abiding by the mandatory stay, did not refile the motion to compel.

THIRD CLAIM FOR RELIEF

39. The Salera claim is not dischargeable pursuant to 11 USC § 523(a)(4), because it

is a debt "for fraud…, embezzlement, [and] larceny."

FOURTH CLAIM FOR RELIEF

40. The Mills claim is not dischargeable pursuant to 11 USC § 523(a)(7),

because it is a debt "for a fine, penalty, or forfeiture payable to and for the benefit

of a governmental unit, and is not compensation for actual pecuniary loss, other

than a tax penalty" and is a debt it is incurred as a condition imposed by a state

criminal court as restitution.


WHEREFORE, plaintiffs prays that the court determine that the debts constituting the

Salera Claim in the amount of $854,434.68 and the Mills Claim amount of $119,000.00

in the amount of is nondischargeable; that plaintiff have judgment against defendant for

the amount of $854,434.68 (the two claims overlap, and are thus not totaled, the Mills

Claim being, upon payment, being set off against the Salera Claim) with interest from the

date of filing of the Proof of Claims and that plaintiff have such other further relief as is

just, including reasonable costs and attorney's fees.


DATED:          December 30, 2015
                Washington, D.C.

                                        Respectfully submitted:


                                        _____  s/Steven A. Cash
                                        _____
                                        STEVEN A. CASH
                                        Day Pitney, LLP
                                        1100 New York Avenue, N.W.
                                        Suite 300
                                        Washington, D.C. 20005
                                        New York State Bar No. 227033
                                        (202) 218-3912, scash@daypitney.com
                                        *Attorney for Plaintiff/Judgment Creditor*

# AFFIRMATION OF SERVICE

The undersigned, an attorney at law admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, affirms and states:

1.      I am the attorney of record for Plaintiffs /Judgment Creditors Charlie Mills a/k/a Charles Mills and Salera Capital Management, LLC.

2.      On December 30, 2015, I served the foregoing "COMPLAINT OBJECTING TO THE DISCHARCHEABILITY OF DEBTS" upon Judgment Debtor/Defendant Bryan Caisse by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal service in accordance USC Bankruptcy R 7004 addressed to Defendant/Judgment Debtor Bryan P. Caisse at the address shown in the petition, and upon his attorney via ECF.

The undersigned affirms the foregoing statement to be true under the penalties of perjury.

DATED:          December 30, 2015
                Washington, D.C.

                                        Respectfully submitted:


                                                s/Steven A. Cash
                                        _____
                                        STEVEN A. CASH
                                        Day Pitney, LLP
                                        1100 New York Avenue, N.W.
                                        Suite 300
                                        Washington, D.C. 20005
                                        New York State Bar No. 227033
                                        (202) 218-3912, scash@daypitney.com
                                        *Attorney for Plaintiff/Judgment Creditor*