UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

In re:                              :        Chapter 7
                                      :

CAISSE, BRYAN,               :        Case No. 15-12777 SMB
                                      :

                Debtor.        :

--------------------------------------------------------------X

**TRUSTEE'S OBJECTION SEEKING
TO EXPUNGE
<u>CLAIM 19 AGAINST THE DEBTOR'S ESTATE</u>**

To:      HONORABLE STUART M. Bernstein,
        UNITED STATES BANKRUPTCY JUDGE:

      David R. Kittay's (the "Trustee's") First Omnibus Objection Seeking to Expunge the

Claim of Donald Maury Denton, as guardian for Eliza Jane Caisse Filed Against the Debtor's

Estate (the "Objection") for the estate (the "Estate") of Bryan Caisse, (the "Debtor"), by his

attorneys, Kittay & Gershfeld, P.C., respectfully states:

<u>**Background**</u>

      1.     The Debtor filed his bankruptcy petition on October 14, 2015 (the "Filing

Date") under Chapter 7 of the Bankruptcy Code. On October 15, 2015, David R. Kittay was

appointed Chapter 7 Trustee for the Debtor's Estate.

      2.     David R. Kittay was appointed Chapter 7 Trustee for the Debtor and as

such the Trustee is administering the Estate.

      3.     This Court has jurisdiction of this Objection pursuant to 28 U.S.C. §§

1334 and 157 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United

States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10,

1984. Venue of the Debtor's Chapter 7 case and this application in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is § 502 of

the Bankruptcy Code, as complemented by Bankruptcy Rule 3007.

4.      In order to make distributions from this estate it is necessary to determine

and fix the amounts of the Debtor's pre-petition liabilities.  The Trustee and his accountant have

examined all of the proofs of claim filed in the Clerk's office.  Based on the Trustee's review and

an examination of the Debtor's books and records, the Trustee has determined that the claim of

Donald Maury Denton, as guardian for Eliza Jane Caisse (" Denton"), numbered 19-1, attached

as Exhibit A, should be expunged.

5.      The Trustee has determined that Denton has filed an unliquidated claim

based on "support obligations of the debtor for his minor daughter".  Denton has not, however,

obtained an order from any Court directing that the Debtor pay Denton support obligations.

Accordingly, the Trustee has determined that Denton does not enjoy a claim against this estate.

Nevertheless, in an effort to ensure that Denton is treated fairly, Denton was asked to submit

support of his claim against the estate.  The Trustee spoke with the Debtor (through his counsel)

and Denton (through his counsel), in an effort to see if the parties could come to a resolution,

subject to Court approval, with respect to the claim owed by the Debtor, and thus the estate, to

Denton.  Despite multiple conversations and emails, the parties have been unable to come to a

resolution regarding this claim.

6.      The only evidence the Trustee has been furnished is the Order Appointing

Denton as Guardian.  No further order has been provided.

7.      The Trustee has contacted Denton and requested a voluntary expungement

of this claim based on the above.  To date Denton has failed and refused to expunge its claim.

8.      Accordingly, the claim filed by Denton must be expunged.

**<u>Notice</u>**

9.      The Trustee will serve the Office of the United States Trustee and on

Denton at the mailing address provided in his proof of claim (#19) and it's counsel, Lori Lapin

Jones, Esq. with a copy of the Notice of Hearing of the Objection attached hereto as Exhibit B

and this Objection.  All parties who have filed notices of appearance and demands for service of

motions will receive only the Notice of Hearing of the Objection, without this Objection.

10.      No previous application for the relief sought herein has been made to

this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court issue and enter an order,

in the form annexed hereto as Exhibit C, expunging the claim as set forth herein and granting

such other and further relief as may be just and proper.

Dated: Tarrytown, New York
       February 21, 2017

                                        KITTAY & GERSHFELD, P.C.,
                                        Attorneys for the Trustee

                                        /s/ David R. Kittay
                                        David R. Kittay
                                        100 White Plains Road
                                        Tarrytown, New York 10591
                                        (914) 332-8000

**EXHIBIT A**

Fill in this information to identify the case:

Debtor 1    **Bryan Caisse**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Southern District of New York

Case number   15-12777

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Donald Maury Denton, as guardian for Eliza Jane Caisse<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Donald Maury Denton<br>Name<br><br>809 Buck Lane<br>Number    Street<br><br>Haverford,        PA        19041<br>City        State        ZIP Code<br><br>Contact phone  610-551-5220<br><br>Contact email  ddenton@friendscentral.org<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number    Street<br><br>City        State        ZIP Code<br><br>Contact phone<br><br>Contact email |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____        Filed on _____<br>                                                                                               MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __ __ __ __

**7. How much is the claim?**

$ *Unliquidated* . Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Support obligations of the debtor for his minor daughter

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                      $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured:   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                                      Proof of Claim                                      page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| | ☑ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ *Unliquidated* |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/29/2016
            MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Donald | Maury | Denton |
|---|---|---|---|
| | First name | Middle name | Last name |

Title     as guardian for Eliza Jane Caisse

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

| Address | 809 Buck Lane | | | |
|---|---|---|---|---|
| | Number | Street | | |
| | Haverford | | PA | 19041 |
| | City | | State | ZIP Code |

Contact phone   610-551-5220          Email  ddenton@friendscentral.org

D.C.A.§§ 661; S.C.P.A.§ 1707

6-5 8/2010

At a term of the Family Court of the
State of New York, held in and for
the County of Kings, at 330 Jay
Street, Brooklyn, NY 11201, on
January 23, 2014

PRESENT:  Hon. William Franc Perry

In the Matter of a Guardianship Proceeding

Donald Maury Denton,

Petitioner,

- against -

Bryan Caisse,
Jessica Denton,

Respondents.

File #:      213348
Docket #:  G-31365-13

ORDER APPOINTING
GUARDIAN OF THE
PERSON

Upon reading and filing the petition, duly verified on November 20, 2013, applying for the appointment of the guardian of the person of the above-named Eliza Jane Caisse, person under the age of 21;

And this Court having determined that the best interests of the subject of the petition will be promoted by the appointment of a guardian of the person, and that Donald Maury Denton is in all respects competent to act as such guardian and to raise the subject of the proceeding to adulthood;

IT IS HEREBY ORDERED that Donald Maury Denton, upon taking the official oath and filing the designation as required by law, is appointed guardian of the person of Eliza Jane Caisse and that Letters of Guardianship shall issue to the Guardian accordingly; and it is further

ORDERED that, unless terminated by the Court, the appointment shall last until the subject's 18th birthday, unless the Court approves an application for an extension of the appointment until the age of 21 upon the consent of the subject if the subject is over 18;

Dated: January 23, 2014                    ENTER

_____

Hon. William Franc Perry

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY

6-6 12/1987

## LETTERS OF GUARDIANSHIP OF THE PERSON OF A MINOR

**File #:** 213348
**Docket #:** G-31365-13

### THE PEOPLE OF THE STATE OF NEW YORK

KNOW ALL BY THESE PRESENTS that at the County of Kings, on January 23, 2014, before Honorable William Franc Perry, Judge of the Family Court of this County, Donald Maury Denton, having duly qualified according to law, is hereby authorized to serve as guardian of the person of Eliza Jane Caisse (DOB: 2/13/2000), a Minor, and Letters of Guardianship are hereby granted to said Donald Maury Denton.

IN TESTIMONY WHEREOF, we have caused the seal of office of the Family Court of the County of Kings, to be hereunto affixed.

Witness: Honorable William Franc Perry, Judge of the Family Court, County of Kings, at the Family Court of Kings County, on January 23, 2014.

**Dated:** January 23, 2014

Robert Ratanski, Clerk of Court

(seal)

THIS IS TO CERTIFY THAT THIS IS A
TRUE COPY OF _Letters of Guardianship_
MADE IN THE MATTER DESIGNATED IN SUCH COPY,
AND SHOWN BY THE RECORDS OF THE FAMILY COURT
OF THE STATE OF NEW YORK WITHIN THE CITY OF
NEW YORK FOR THE COUNTY OF KINGS

CLERK OF COURT

DATE 1/23/20__

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT            **RETURN DATE: March 28, 2017**
SOUTHERN DISTRICT OF NEW YORK            **RETURN TIME: 10:00 a.m.**
------------------------------------------------------------X **OBJECTIONS DUE: March 24, 2017**
In re:                                           :            Chapter 7
                                                 :
CAISSE, BRYAN,                                   :            Case No. 15-12777 SMB
                                                 :
                    Debtor.                      :
------------------------------------------------------------X

**NOTICE OF TRUSTEE'S OBJECTION SEEKING
TO EXPUNGE
<u>CLAIM 19 AGAINST THE DEBTOR'S ESTATE</u>**

**PLEASE TAKE NOTICE** that, upon the Trustee's Objection Seeking to

Expunge Claim 19 Against the Estate, dated February 21, 2017 (the "Objection"), David R.

Kittay, the Chapter 7 Trustee of the bankruptcy estate of Bryan Caisse (the "Debtor"), by  the

undersigned will move this Court before the Honorable Stuart M. Bernstein, United States

Bankruptcy Judge, on March 28, 2017 (the "Hearing Date") at 10:00 a.m., or as soon thereafter

as counsel can be heard, at the United States Bankruptcy Court, One Bowling Green, New York,

New York 10004, for the issuance and entry of an order, pursuant to section 502 of Title 11,

United States Code, 11 U.S.C. §101 <u>et</u> <u>seq</u>, expunging claim 19, filed by Donald Maury Denton,

as guardian for Eliza Jane Caisse as an unliquidated claim against the Debtor's estate, which

claim is described in the Objection, to the extent described therein and for such other and further

relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that the creditor whose claims is

sought to be expunged is Donald Maury Denton, as guardian for Eliza Jane Caisse.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to

change your claim, then on or before three days before the Hearing Date, you or your lawyer

must file with the Court a written response to the objection, explaining your position, with the

Clerk of the Court at the United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

Objections, if any, to the relief requested in the Objection shall be in writing, shall be served

upon the undersigned attorneys for the Trustee with a courtesy copy to Chambers, so as to be

received no later than three days before the Hearing Date and shall be filed with the Clerk of the

Bankruptcy Court together with proof of service.  If you mail your response to the Court for

filing, you must mail it early enough so that the Court will **receive** it on or before three days

before the Hearing Date.  In addition to submitting a written response, you must attend the

hearing on the Objection, scheduled to be held on the Hearing Date at 10:00 a.m. in the

courtroom of the Honorable Stuart M. Bernstein at the United States Bankruptcy Court for the

Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004.

> **PLEASE TAKE FURTHER NOTICE** that, objections, if any, to the relief

requested in the Objection shall be in writing, shall be served upon the undersigned attorneys for

the Trustee with a courtesy copy to Chambers, so as to be received no later than three days before

the Hearing Date; and shall be filed with the Clerk of the Bankruptcy Court together with proof

of service.

> **PLEASE TAKE FURTHER NOTICE** that, objections filed by parties with

legal representation shall be filed (a)(i) through the Bankruptcy Court's electronic filing system

(in accordance with General Order M-182), which may be accessed (with a password which is

available by contacting the Bankruptcy Court's technical assistance number at (212) 668-2870,

ext. 3522, available Monday-Friday 8:30 a.m. through 5:00 p.m.) through the Internet at the

Bankruptcy Court's website: www.nysb.uscourts.gov. using Netscape Navigator software 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Acrobat Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of the document, document number of the document to which the objection refers and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use the PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect or DOS text (ASCII) format.  An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.  Unless objections are received at that time of the Order may be signed.

PLEASE TAKE FURTHER NOTICE that, creditors need not appear at the hearing if there is no objection to the relief requested.  The hearing may be continued or adjourned from time to time without further written notice by oral notice at the hearing.

PLEASE TAKE FURTHER NOTICE that, the Bankruptcy Court shall retain jurisdiction to determine all matters arising out of or relating to the making of an objection to the relief requested in the Objection, and each person or entity, by making such objection, shall subject itself to the jurisdiction of the Court with reference to all matters arising out of its objection and all matters relating thereto.

**PLEASE TAKE FURTHER NOTICE** that interested parties may obtain a copy

of the Objection, free of charge, by contacting counsel to the Trustee, Michelle G. Gershfeld,

Esq., at (914) 332-8000, Kittay & Gershfeld, P.C., 100 White Plains Road, Second Floor,

Tarrytown, New York 10591.

Dated: Tarrytown, New York
         February 21, 2017

                              KITTAY & GERSHFELD, P.C.,
                              Attorneys for the Trustee

                              /s/ David R. Kittay
                              David R. Kittay
                              100 White Plains Road
                              Tarrytown, New York 10591
                              (914) 332-8000

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                    :        Chapter 7
                                          :
CAISSE, BRYAN,                            :        Case No. 15-12777 SMB
                                          :
                    Debtor.               :
------------------------------------------------------------X

**ORDER EXPUNGING
CLAIM NUMBER 19 AGAINST THE ESTATE**

Upon the *Trustee's Objection Seeking to Expunge Claim 19 Against the Estate* (the

"Objection") filed by David R. Kittay (the "Trustee"), the Chapter 7 Trustee for the estate of

Bryan Caisse (the "Debtor"), dated February 21, 2017, for an order seeking the expungement of

claim 19 filed against the Debtor's estate; and the *Notice of Trustee's First Omnibus Objection to*

*Claims Seeking to Expunge Claim 19 Against the Estate* (the "Notice"), in the form annexed to

the Objection as Exhibit B; and the Objection and Notice having been served by regular mail on

the Office of the United States Trustee and  Donald Maury Denton, as guardian for Eliza Jane

Caisse, at the mailing address provided in his proof of claim (#19) and it's counsel, Lori Lapin

Jones, Esq. and a copy of the Notice having been served by regular mail on all persons who have

filed a Notice of Appearance in this case; and a copy of the certificate of service having been

filed with the Clerk of the Bankruptcy Court for the Southern District of New York; and a

hearing having been held on the relief requested in the Objection on March 28, 2017; and due

deliberation having been given; and all parties wishing to be heard having been given an

opportunity; and it appearing that the relief requested in the Objection is in the best interest of the

Debtor, its estate and creditors; it is now hereby

ORDERED, that the claim of Donald Maury Denton, as guardian for Eliza Jane Caisse, Claim No. 19, is hereby expunged; and it is further

ORDERED, that service of the Notice and the Objection on the Office of the United States Trustee and Donald Maury Denton, as guardian for Eliza Jane Caisse, and service of the Notice on all parties who have filed notices of appearance in this case is hereby deemed good and sufficient notice of the relief requested in the Objection.

Dated: New York, New York
        March __, 2017

_____
United States Bankruptcy Judge

2